HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAHRI ASAD CUNNINGHAM,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C17-439-RAJ

ORDER

This matter comes before the Court on *pro se* Petitioner Jahri Asad Cunningham's Motion to Appoint Counsel. Dkt. # 6. Cunningham requests that the Court appoint counsel to represent him during the course of 28 U.S.C. § 2255 proceedings. The Government has not filed a brief opposing Cunningham's request. For the reasons that follow, the Court **GRANTS** Cunningham's motion.

On March 17, 2017, Cunningham filed a motion to vacate his sentence under § 2255. In his motion, he argues that his trial counsel was ineffective by failing to argue that a prior judgment could not be used to calculate his criminal history category because he was not represented by counsel at the time the judgment was entered. The judgment at issue is an October 2000 Kentucky state court judgment, entitled "Order Clarifying Judgments." *United States v. Cunningham*, CR-14-197-RAJ, Dkt. # 365-3 (W.D. Wash. May 23, 2016). The Court relied on this state court judgment in calculating Cunningham's criminal history category. *Id.* at Dkt. # 399 at 10.

Section § 2255(g) provides that requests for counsel in § 2255 proceedings are

ORDER – 1

governed by 18 U.S.C. § 3006A. Under that provision, if the Court determines that appointing counsel for a financially eligible person is necessary to further the interests of justice, the Court may do so. 18 U.S.C. § 3006A(a)(2)(B). Rule 6(a) of the Rules for Section 2254 and 2255 Cases also concerns the appointment of counsel. That rule authorizes the Court to appoint counsel where doing so would be necessary for "effective discovery."

The Court finds that the appointment of counsel is warranted under 28 18 U.S.C. § 3006A(a)(2)(B) and Rule 6(a). The Kentucky state court judgment does not indicate that Cunningham was represented at the time of its entry. *Cunningham*, CR-14-197-RAJ, at Dkt. # 365-3. If he was not represented, Cunningham's Sixth Amendment right to counsel may have been compromised, which implicates an issue he could have advanced more thoroughly at sentencing. *See Custis v. United States*, 511 U.S. 485, 496 (1994). At sentencing, trial counsel asserted that Cunningham was unrepresented at the time the Kentucky judgment was entered, but did so only in passing without pressing the issue further. *Id.* at Dkt. # 399 at 5. Trial counsel has submitted a declaration to this effect. Dkt. # 1-1 at 37-39.

For the reasons stated above, the Court **GRANTS** Cunningham's Motion to Appoint Counsel. Dkt. # 6. In appointing counsel, the Court expresses no position on the merits of Cunningham's ineffective assistance claim. Counsel's role will be narrowly limited to investigating and advocating for Cunningham on the issue of whether his trial counsel was ineffective at sentencing under *Strickland v. Washington*, 466 U.S. 668, 687 (1984) by failing to pursue Cunningham's purported lack of representation at the time the October 2000 Kentucky state court judgment was entered. As Cunningham has requested that counsel be appointed to represent him for the duration of his § 2255 motion, the Court **STRIKES** the motion that is currently pending and will rely upon the forthcoming

\\

\\

ORDER – 2

submission of counsel to resolve his § 2255 claim. The Criminal Justice Act ("CJA") Administrator is **DIRECTED** to appoint counsel for Cunningham.

DATED this 9th day of June, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3